UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

Bonita Arruda, Heather's Fitness Center, LLC, |
Fit and Firm Forever, LLC, Carolyn Deegan, |
KV Fitness, LLC, 2 Josie's LLC, Cynthia & |
John Haley, Gina Haley-Morrell, Best Health |
and Fitness, Inc., RH Fitness Systems, LLC, |
Femme Fit All, LLC, Yako Kwe Nye Sta |
Fitness, LLC, Linda Lohse, Susan Minicozzi, |
Maria Montoya, Paradisco Dream, LLC, |
All Things Enterprises, LLC, Cami Noble, |
PWO Fitness, LLC, Gary Paolillo, RKP |
Enterprises, LLC, Linda Preston, Amy Reeves, |
Bodyfit, Inc., Jenny Schaff Fitness and Music, LLC,|
Elaine Solomon, Barbara Tait, MMLC, LLC, |
Whanger Health & Fitness, LLC, and Healthy |
Hips, LLC, |
                                               |
          Plaintiffs,                          |
                                               |
                                               |               Case Number: 6:20-cv-759
-vs-                                           |
                                               |
                                               |
CURVES INTERNATIONAL, INC., a Texas            |
Corporation,                                   |
                                               |
(Serve:  Registered Agent                      |
          CT Corporation System                |
          1999 Bryan St., Suite 900            |
          Dallas, Texas  75201)                |
                                               |
and                                            |
                                               |
CURVES NA, INC., a Texas corporation,          |
                                               |
(Serve:  Registered Agent                      |
          Jeff Burchfield                      |
          4800 Lakewood, Suite 6               |
          Waco, Texas  76710)                  |
                                               |
          Defendants.                          |

## PLAINTIFFS' INITIAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Plaintiffs and for their causes of action against Defendants state as follows:

## INTRODUCTION

1.      Curves International, Inc. ("Curves International") was incorporated in the State of Texas in October of 1995 with its principal place of business in Waco, Texas.

2.      Curves International began offering Curves/Curves for Women franchises in October of 1995.

3.      Curves International is a franchisor of thirty-minute fitness and weight loss centers to various individuals and businesses using the "Curves for Women" trade name, trademark, and system of operating procedures.

4.      Curves International sells Curves for Women fitness centers, known as Curves, throughout the United States and internationally.

5.      Once Curves International began selling franchises, it arguably became the fastest growing franchise system in history selling over 10,000 franchise locations.

6.      Curves International sold so many franchises that the domestic territories were oversold and became oversaturated.

7.      As a result, the Curves system began to collapse until it has reached the point today where there are fewer than 600 locations in the United States and locations are closing on a weekly basis.

8.      Curves International Holdings, Inc. ("Curves Holdings") is a Texas corporation with its principal place of business in Greenwich, Connecticut formed on June 29th, 2012.

9.      Curves Holdings is majority owned and controlled by NCP-Curves, LP, a

Delaware limited partnership, formed on June 29th, 2012 with its principal place of business in Greenwich, Connecticut.

10.    NCP-Curves, LP is, in turn, partially owned and controlled by NCP-Curves GP, LLC, a Delaware limited liability company formed on June 29th, 2012 with its principal place of business in Greenwich, Connecticut.

11.    NCP-Curves, LP and NCP-Curves GP, LLC, were investment vehicles utilized by North Castle Partners, LLC ("North Castle"), a private equity firm, that purchased majority control of Curves Holdings for a sum in excess of $150 million in 2012.

12.    Subsequently, on or about August 1st, 2012, Curves Holdings acquired 100% interest in Curves International.

13.    After that transaction, North Castle, through its affiliate companies, assumed control over the activities of Curves International which included, among other things, installing one of its "industry advisors" as the chief executive officer.

14.    Even though North Castle referred to Curves International as "portfolio company," a designation beneficial to private equity firms for income tax treatment, the level of ownership and control exercised by North Castle over Curves International rendered Curves International a subsidiary company.

15.    Prior to closing on the purchase of Curves, North Castle drafted a document known as an "Operating Blueprint."

16.    Unknown to the Curves' franchisees, including Plaintiffs, the "Operating Blueprint" disclosed that North Castle intended to "prune 1,000+" unsustainable locations.

17.    After North Castle assumed control, the failure rate of Curves franchisees accelerated.

18.     In 2015, Curves International and North Castle retained the services of Parthenon EY, a subsidiary of Ernst & Young, to conduct a study known as the "Curves Rebirth Project."

19.     As part of that study, Parthenon surveyed franchisees, current and former Curves' gym members, and others in the fitness industry.

20.     Plaintiffs and other Curves' franchisees were not informed of that study being conducted.

21.      A key finding of that study was that the Curves name had a "negative halo" and that Curves' franchise locations would continue to close at a rate of more than 15% per year if nothing was done.

22.     The recommendations made by Parthenon required further investment by North Castle.

23.     These results were not shared with the franchisees, including Plaintiffs.

24.     After obtaining the results, North Castle ignored the recommendations and decided that it would make no further investment in the Curves brand, thereby ensuring the further collapse of the Curves franchise system.

25.     Defendant Curves International and North Castle were aware that the most valuable asset of the Curves franchise system was the Curves trademark and name.

26.     However, the Parthenon study made it clear that the Curves' trademark/name had a negative impression in the fitness market and absent further investment into the brand the negative impression would remain and worsen.

27.     While having actual knowledge of the results of this study, instead of informing the current and prospective franchisees, Curves International continued to provide misleading and fraudulent Franchise Disclosure Documents ("FDD") and other misleading electronic

communications which hid the dire circumstances surrounding the Curves franchise system.

28.     In a letter dated February 9, 2016, Monty Sharma, the North Castle "industry advisor" appointed by North Castle as the CEO of Curves, outlined several areas in which the franchisor represented it was making positive changes to assist the franchisees, while at the same time, Defendants never disclosed the results of the Parthenon study nor that they knew the franchise system would fail.

29.     Instead, Curves continued to collect franchise royalties, advertising fees, and additional fees from the franchisees knowing that the system would fail and Plaintiffs, along with other franchisees, would lose the value of their investments.

30.     Defendant Curves NA, Inc. ("Curves NA") was incorporated in Texas in February of 2018 with its principle place of business in Woodway, Texas.

31.     Curves DF Holdings, Inc. ("Curves DF") was incorporated in Texas in March of 2018 with its principle place of business in Woodway, Texas.

32.     Curves DF is majority owned and controlled by NCP-Curves, LP which was, in turn, partially owned and controlled by NCP-Curves GP, LLC, a Delaware limited liability company.

33.     Similar to Curves Holdings, NCP-Curves, LP and NCP-Curves GP, LLC, were investment vehicles utilized by North Castle.

34.     Subsequently on or about March 30th, 2018, Curves DF acquired a 100% interest in Curves NA.

35.     Additionally, on or about March 30th, 2018, Curves Holdings Co, LTD, formed by the Japanese Curves master franchisee, acquired a 100% interest in Curves International.

36.     As part of the March 30, 2018 transaction, Curves NA entered into a Master

Franchise Agreement with Curves International whereby it became the Master Franchisee for the North American region.

37.     In August of 2019, North Castle entered into a transaction to transfer ownership of Curves NA to the then-president Krishea Holloway.

38.     Upon information and belief, the franchise agreements between Curves International and its United States franchisees, including Plaintiffs, were assigned to Curves NA which assumed all obligations, responsibilities, and liabilities required under those agreement (both current and prior).

39.     Curves NA continues to grant franchises in the fitness and weight loss industry in the United States under the tradename "Curves" and holds itself out as the franchisor for all Curves locations in the United States.

40.     Due to what is essentially an assignment of the franchise agreements by Curves International to Curves NA, hereinafter Curves International and Curves NA will be collectively referred to as "Curves."

41.     All Plaintiffs were franchisees of Curves.

## PARTIES

42.     Plaintiff Bonita Arruda is a citizen and resident of the State of Massachusetts. Plaintiff Bonita Arruda originally executed a franchise agreement with Curves International in August 2006. Plaintiff Bonita Arruda subsequently renewed that agreement on August 11, 2011, February 5, 2013, and February 5, 2015. Plaintiff Bonita Arruda's Curves franchise was located in the Easton, Massachusetts area. Plaintiff Bonita Arruda closed her Curves franchise on November 10, 2018.

43.     Plaintiff Heather's Fitness Center, LLC is an Iowa Limited Liability Company.

Plaintiff Heather's Fitness Center originally executed a franchise agreement with Curves International on December 20, 2011, by and through Heather Besch, and subsequently renewed that agreement on January 11, 2017. Plaintiff Heather's Fitness Center, LLC's franchise was located in the Urbandale, Iowa area. Plaintiff Heather's Fitness Center, LLC closed its Urbandale, Iowa franchise on October 6, 2017.

44.      Plaintiff Fit and Firm Forever, LLC originally executed a franchise agreement with Curves International on March 27, 2013 under the names Teri Dee Bogden and Ronald Jeffrey Bodgen.  On June 6, 2013 Teri and Ronald Bogden executed an Assignment of Franchise Agreement assigning their franchise agreement to Fit and Firm Forever, LLC.  Plaintiff Fit and Firm Forever, LLC is a Utah Limited Liability Company.  Plaintiff Fit and Firm Forever, LLC's franchise was located in the West Jordan, Utah area. Plaintiff Fit and Firm Forever, LLC closed its franchise on March 27, 2018.

45.      Plaintiff Carolyn Deegan is a citizen and resident of the State of Mississippi. Plaintiff Carolyn Deegan executed a franchise agreement with Curves International on June 24, 2014.  Plaintiff Carolyn Deegan's Curves franchise was located in the Olive Branch, Mississippi area.  Plaintiff Carolyn Deegan closed her Curves franchise on or around June 24, 2017.

46.      Plaintiff KV Fitness, LLC is a Florida Limited Liability Company.  Plaintiff KV Fitness, LLC originally executed a franchise agreement with Curves International on June 28, 2012 by and through Kathleen DeVoge and Victoria Spurlock.  Plaintiff KV Fitness, LLC subsequently terminated the original franchise agreement, in order to remove Vickie Spurlock from the franchise agreement, and executed a new franchise agreement on June 10, 2013. Plaintiff KV Fitness, LLC's Curves franchise was located in the Barboursville, West Virginia area.  Plaintiff KV Fitness, LLC closed its franchise on or around March 28, 2015.

47.     Plaintiff 2 Josie's, LLC is a Louisiana Limited Liability Company.  Camille Gautreaux and Rechelle Broussard executed a franchise agreement with Curves International on April 7, 2014.  On April 28th, 2014, Camille Gautreaux and Rechelle Broussard assigned the franchise agreement with Curves International to Plaintiff 2 Josie's, LLC.  Plaintiff 2 Josie's, LLC's franchise was located in the Crowley, Louisiana area.  Plaintiff 2 Josies, LLC closed its Curves franchise on June 1, 2018.

48.     Plaintiffs Cynthia Jeanne Haley and John William Haley are citizens and residents of the State of Massachusetts.  Plaintiffs Cynthia and John Haley originally executed a franchise agreement with Curves International on July 12, 2005.  They subsequently renewed that agreement on July 22, 2010 and September 18, 2014.  Plaintiffs Cynthia and John Haley's franchise was located in the Marshfield, Massachusetts area.  Plaintiffs Cynthia and John Haley closed their Curves franchise on September 15, 2015.

49.     Plaintiff Gina Haley-Morrell is a citizen and resident of the State of Oregon. Plaintiff Gina Haley-Morrell originally executed a franchise agreement with Curves International on or around January 1, 2008 and subsequently renewed that agreement on March 27, 2013. Plaintiff Gina Haley-Morrell's franchise was located in the Veneta, Oregon area. Plaintiff Gina Haley-Morrell closed her Curves franchise on December 31, 2016.

50.     Plaintiffs Paul and Noor Jahan Hashemi are citizens and residents of the State of California.  Plaintiff Best Health and Fitness, Inc. is a California Corporation.  Plaintiffs Paul and Noor Jahan Hashemi executed a franchise agreement with Curves International on August 4, 2010.  Plaintiffs' franchise was located in the Point Loma, California area.  Plaintiffs Paul and Noor Jahan Hashemi operated their Point Loma, California franchise through Plaintiff Best Health and Fitness, LLC.  Plaintiffs closed its Curves in or around August 2015.

51.     Plaintiff RH Fitness Systems, LLC is a Utah Limited Liability Company. Plaintiff RH Fitness Systems, LLC owned two separate Curves franchises, one in Millcreek, Utah and one in South Jordan, Utah.  Plaintiff RH Fitness Systems, LLC executed a franchise agreement with Curves International for the Millcreek location in May 2006 by and through Heather Heighton Rangel and Margaret Heighton.   Plaintiff RH Fitness Systems, LLC subsequently renewed that agreement on in September 2011, April 2015, and February 2017. Plaintiff RH Fitness Systems, LLC closed the Millcreek franchise on December 31, 2018. Plaintiff RH Fitness Systems, LLC executed a franchise agreement for the South Jordan location on October 10, 2010 by and through Heather Heighton Rangel and Margaret Heighton.  Plaintiff RH Fitness Systems, LLC subsequently renewed that agreement in September 2015.  Plaintiff RH Fitness Systems, LLC closed the South Jordan franchise on October 5, 2018.

52.     Plaintiff Femme Fit All, LLC is an Iowa Limited Liability Company.  Plaintiff Femme Fit All, LLC executed a franchise agreement with Curves International on June 8, 2010 by and through Delia Jones.  Plaintiff Femme Fit All, LLC's Curves franchise was located in the Des Moines, Iowa area.  Plaintiff Femme Fit All, LLC closed its Des Moines, Iowa franchise on or around June 30, 2015.

53.     Plaintiff Yako Kwe Nye Sta Fitness, LLC is a Wisconsin Limited Liability Company. Plaintiff Yako Kwe Nye Sta Fitness, LLC executed a franchise agreement with Curves International on May 1, 2012 by and through Kim Laluzerne.  Plaintiff Yako Kwe Nye Sta Fitness, LLC's franchise was located in the Greenbay, Wisconsin area.  Plaintiff Yako Kwe Nye Sta Fitness, LLC closed its Greenbay, Wisconsin franchise on or around December 31, 2018.

54.     Plaintiff Linda Lohse is a citizen and resident of the State of Missouri.  Plaintiff

Linda Lohse originally executed a franchise agreement with Curves International on June 28, 2000 and subsequently renewed that agreement on June 23, 2017. Plaintiff Linda Lohse's franchise was located in the Oakville, Missouri area. Plaintiff Linda Lohse closed her franchise on or around August 25, 2018.

55.     Plaintiff Susan Minicozzi is a citizen and resident of the State of Florida. Plaintiff Susan Minicozzi executed a franchise agreement with Curves International on October 25, 2005 and subsequently renewed that agreement on June 15, 2010 and again on June 15, 2015. Plaintiff Susan Minicozzi's franchise was located in the Ocala, Florida area. Plaintiff Susan Minicozzi closed her Curves franchise on December 31, 2018.

56.     Plaintiff Maria Montoya is a citizen and resident of the State of Washington. Plaintiff Maria Montoya executed a franchise agreement with Curves International on July 10, 2013. Plaintiff Maria Montoya's franchise was located in the Pasco, Washington area. Plaintiff Maria Montoya closed her Curves franchise on December 13, 2017.

57.     Plaintiff Paradisco Dream, LLC is a Florida Limited Liability Company. Plaintiff Paradisco Dream LLC executed a franchise agreement with Curves International on September 29, 2015 by and through Susan Neustadt. Plaintiff Paradisco Dream, LLC's Curves franchise was located in the Marco Island, Florida area. Plaintiff Paradisco Dream, LLC closed its franchise on or about May 30, 2018.

58.     Plaintiff All Things Enterprises, LLC is an Alabama Limited Liability Company. Plaintiff All Things Enterprises, LLC executed a franchise agreement with Curves International on February 2, 2015 by and through Deanna Newman. Plaintiff All Things Enterprises, LLC's Curves franchise was located in the Leeds/Moody, Alabama area. Plaintiff All Things Enterprises, LLC closed its Curves franchise on or around December 18, 2017.

59.     Plaintiff Cami Noble is a citizen and resident of the State of Virginia.  Plaintiff Cami Noble originally executed a franchise agreement with Curves International on or around May 15, 2004 and subsequently renewed that agreement on or around May 15, 2014.  Plaintiff Cami Noble's franchise was located in the West Springfield, Virginia area.  Plaintiff Cami Noble closed her Curves franchise in April 2017.

60.     Plaintiff PWO Fitness, LLC is a New York Limited Liability Company.  Plaintiff PWO Fitness, LLC originally executed a franchise agreement with Curves International in or around May 22, 2006, by through Patricia O'Reilly, and subsequently executed a renewal on February 24, 2014.  Plaintiff PWO Fitness, LLC's franchise was located in the Port Jefferson Station, New York area.  Plaintiff PWO Fitness LLC closed its Curves franchise on August 31, 2016.

61.     Plaintiff Gary Paolillo is a resident of the state of New York.  Plaintiff Gary Paolillo's wife, Janice Paolillo, originally executed a franchise agreement with Curves International in January 2002.  The original franchise agreement was executed with Janice and Fern, Inc.  In January 2012, the agreement for the location was renewed, however, the franchise agreement was executed under the name of Gary Paolillo, husband of Janice Paolillo.  Plaintiff Gary Paolillo subsequently renewed that agreement on April 30, 2014.  Plaintiff Gary Paolillo's Curves franchise was located in the Albertson/Mineola/Williston Park, New York area. Plaintiff Gary Paolillo closed his Curves franchise on or around December 1, 2016.

62.     Plaintiff RKP Enterprises, LLC is a Wisconsin Limited Liability Company.  Plaintiff RKP Enterprises, LLC originally executed a franchise agreement with Curves International on February 1, 2008, by and through Rita Poyer, and subsequently renewed that agreement on February 21, 2012.  Plaintiff RKP Enterprises, LLC's Curves franchise was

located in the Merrill, Wisconsin area. Plaintiff RKP Enterprises, LLC closed its Curves franchise on June 30, 2015.

63. Plaintiff Linda Preston is a citizen and resident of the State of Michigan. Plaintiff Linda Preston originally executed a franchise agreement with Curves international on March 3, 2008 and subsequently renewed that agreement on October 15, 2012. Plaintiff Linda Preston's Curves franchise was located in the Dowagiac, Michigan area. Plaintiff Linda Preston closed her Curves franchise on October 15, 2017.

64. That Amy Reeves is a citizen and resident of the State of Ohio. Plaintiff Amy Reeves executed a franchise agreement with Curves International on May 12, 2009 and subsequently renewed her agreement on February 11, 2014. Plaintiff Amy Reeves's Curves franchise was located in the Cortland, Ohio area. Plaintiff Amy Reeves closed her Curves franchise on or around May 31, 2016.

65. Plaintiff Bill Fautsch and Kimberly Salter are residents of the State of Arizona. Plaintiff Bodyfit, Inc. is an Arizona corporation. Plaintiffs Bill Fautsch and Kimberly Salter originally executed a franchise agreement with Curves International on September 8, 2009. Plaintiffs subsequently renewed that agreement on January 16, 2015. Plaintiffs' franchise was located in the Phoenix, Arizona area. Plaintiffs operated their Phoenix, Arizona franchise through Plaintiff Bodyfit, Inc. Plaintiffs closed its franchise on March 26, 2018.

66. Plaintiff Jenny Schaff Fitness and Music, LLC is an Iowa Limited Liability Company. Plaintiff Jenny Schaff Fitness and Music, LLC executed a franchise agreement with Curves International on August 22, 2012 by and through Jennifer Schaff. Plaintiff Jenny Schaff Fitness and Music, LLC's franchise was located in the Des Moines, Iowa area. Plaintiff Jenny Schaff Fitness and Music, LLC closed its Curves franchise on March 1, 2015.

67.     Plaintiff Elaine Solomon is a citizen and resident of the State of West Virginia. Plaintiff Elaine Solomon originally executed a franchise agreement with Curves International on August 2, 2005 and subsequently renewed that agreement on April 27, 2010 and January 17, 2014.  Plaintiff Elaine Solomon's franchise was located in the Millbury, Massachusetts area. Plaintiff Elaine Solomon closed her Curves franchise on December 23, 2016.

68.     Plaintiff Barbara Tait is a resident and citizen of the State of California.  Plaintiff Barbara Tait executed a franchise agreement with Curves International on April 9, 2015. Plaintiff Barbara Tait's franchise was located in the La Sierra-Riverside, California area. Plaintiff Barbara Tait closed her Curves franchise on February 1, 2019.

69.     Plaintiff MMLC, LLC is an Indiana Limited Liability Company.  Plaintiff MMLC, LLC executed a franchise agreement with Curves International on May 5, 2013 by and through Marla and Mark Ward.  Plaintiff MMLC, LLC's franchise was located in the Crawfordsville, Indiana area.  Plaintiff MMLC, LLC closed its franchise on January 31, 2016.

70.     Plaintiff Whanger Health & Fitness, LLC is a West Virginia Limited Liability Company.  Plaintiff Whanger Health & Fitness, LLC executed a franchise agreement with Curves International in 2009 and subsequently renewed her agreement in July of 2015.  Plaintiff Whanger Health & Fitness, LLC's Curves franchise was located in the St. Albans, West Virginia area.  Plaintiff Whanger Health & Fitness, LLC closed its Curves franchise in or around March 2017.

71.     Plaintiff Healthy Hips, LLC is an Ohio Limited Liability Company.  Plaintiff Healthy Hips, LLC executed a franchise agreement with Curves International on July 1, 2010 by and through Rosemary Yaecker.  Plaintiff Healthy Hips, LLC's Curves franchise was located in the Chesterland, Ohio area.  Plaintiff Healthy Hips, LLC closed its Curves franchise on or around

June 30, 2015.

72.     Defendant Curves International, Inc. is a Texas corporation with its principal place of business in Woodway, Texas.   Curves International, Inc. was incorporated in October of 1995.

73.     Defendant Curves NA, Inc. is a Texas corporation with its principal place of business in Woodway, Texas.  Curves NA, Inc. was incorporated in February of 2018.

## TOLLING OF STATUTE OF LIMITATIONS

74.     The parties in this case entered into a tolling agreement pending completion of pre-suit mediation as required by the franchise agreements.

75.     Once it became apparent that pre-suit mediation failed, the parties timely filed suit in the case of *Bonita Arruda, et al. vs. Curves International, Inc., et al.* (Cause Number: 6:20-cv-00092) filed in the Western District of Texas, Waco Division.

76.     That upon dismissal of the state law claims without prejudice, Texas state law provided for a 60-day window with which to refile this action.

77.     This action is filed within that 60-day period.

## JURISDICTION AND VENUE

78.     Jurisdiction in this court is proper over Plaintiffs' claims brought under diversity of citizenship pursuant to 28 U.S.C. §1332.   The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

79.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS COMMON TO ALL COUNTS

80.     The Plaintiffs in this case each had an interest in owning a franchise and, at some point, became specifically interested in a Curves franchise.

81.     Among other various representations, written and verbal, Curves represented to each Plaintiff that it would provide them with opening support, training, ongoing support, assistance selling memberships, marketing, weight loss guidance, internal and external promotions to generate business, advertising, brand maintenance, and more.   These representations were made to and relied upon by Plaintiffs in their decision to purchase a Curves franchise(s).

82.     Curves International drifted from growing and supporting the Curves franchise to a "sell as many as possible" approach.

83.     This approach, often taken by franchisor who later fail, is nothing more than an "I smell money" policy.

84.     As Jonathan Canarick, a managing director of North Castle Partners, stated in a 2012 article: "The problem with fast success is that the owners weren't able to put the systems in place quickly enough.  North Castle plans to correct the inconsistencies that came about because of that fast growth."

85.     As a prospective franchisee, Plaintiffs relied on information contained in the Franchise Disclosure Document (hereinafter referred to as "FDD") and many other representations made to them by Curves at their peril.  Most franchisees discovered that upon opening and operating their location, the numbers contained in the FDD and those figures otherwise represented to them were grossly underestimated and inaccurate.

86.     Once a prospect signed a franchise agreement and had received their financing, Curves provided virtually none of the services represented to them including those normally expected from a franchisor and those provided for in the franchise agreements.

87.     Curves provided little to no assistance with site/location selection, with lease

negotiation, and/or site development, even though Curves boasted about all its "research" into territories.

88.    In addition, Curves often required its franchisees to purchase equipment and other various items and introduced additional fees for the sole purpose of benefiting Defendants at the expense of the franchisees, like Plaintiffs.

89.    Franchisees would often exhaust their working capital prior to or shortly after opening their location(s).  Many times the grand openings would occur without proper training and/or the grand opening assistance represented to them and contained in the franchise agreement.

90.    Plaintiffs' calls to corporate office for assistance were greeted with hostility or unreturned.  Additionally, Curves eventually stopped taking calls all together and, in turn, required franchisees, including Plaintiffs, to submit help tickets that would either receive no response or a grossly inadequate response.  The help ticket system was not designed to benefit Plaintiffs but to buffer Curves from the consistent demands for them to act.

91.    Notwithstanding the foregoing, Curves continued to demand payment of its monthly fees.

92.    According to the 2014 FDD, Curves had 2,369 franchises operating at the end of 2013, 2,860 operating at the end of 2012, and 3,551 operating at the end of 2011.  According to the 2011 FDD, Curves had 4,375 franchises operating at the end of 2010, 5,208 operating at the end of 2009, and 6,247 operating at the end of 2008.  According to the 2008 FDD, Curves had 7,091 franchises operating at the end of 2007, 7,748 operating at the end of 2006, and 7,885 operating at the end of the 2005 (the last year to mark any growth of the franchise).  As of 2018, there are fewer than 600 open locations.

93.     Much of Curves' early success was built on federally guaranteed loans to franchisees from the U.S. Small Business Administration.  By 2010, Curves franchisees had the fourth-highest rate of loans going into default of any franchise in the country.

94.     On July 31, 2012, Howard Gary Heavin and Diane Heavin sold majority ownership of Curves to North Castle.

95.     North Castle paid a substantial amount in excess of $150 million for the ownership in Curves.

96.     The money paid by North Castle was not used in any way to improve the franchise system.  Instead it apparently went to the enrichment of the founders of the failing system.

97.     While Curves continued to prosper, the franchisees did not.  A franchisee facing eminent demise is provided no good options by Curves.

98.     If a franchisee fails to make a payment to the franchisor, it is subject to termination of its franchise.  Upon termination, the franchisee is threatened with legal action and future royalty payments.

99.     When a franchisee is struggling and wanting to sell its location, it receives little to no support from Curves, which instead turned its head and only paid enough attention to a collect various fees, including a transfer fee if a franchisee was lucky enough to sell their location.

100.    In fact, Curves often blames the failure of the franchisees on the resale of locations by other franchisees, claiming that it was limited in what it could do to deny a resale. This could not be farther from the truth, as the franchisor, Curves, has every right to limit a resale and even provide for it in their own franchise agreement.

101.    Case in point, Curves, by and through its representatives, have conceded on many

occasions to not providing support to its franchisees, along with other numerous responsibilities owed to franchisees, and even admitted to the following:

    a.  "The problem with fast success, Canarick said, is that the owners weren't able to put the systems in place quickly enough."

I.  <u>Franchisor's Responsibilities Under Franchise Agreement</u>

102.    The franchise agreements signed by each and every Plaintiff herein is a continuing contract for performance.

103.    Under those franchise agreements, the franchisor agreed to assume certain responsibilities.

104.    These responsibilities included, but were not limited to, each of the following:

    a.  <u>Opening Assistance:</u>  Franchisor agreed to provide assistance for up to four (4) days during the opening period of the franchisee's facility.

    b.  <u>Training</u>: Once the franchisee was in possession of the approved location, but before the franchisee may open the unit, the franchisor agreed to provide one initial training course, the cost which is a part of the initial franchise fee.

    c.  <u>Periodic Review:</u>  The Franchisor agreed to provide periodic review of franchisee's sales, promotional efforts, and financial status with suggestions as to any improvements.

    d.  <u>Ongoing support:</u>  Franchisor agreed to conduct merchandising, marketing and advertising research in order to collect data and advise franchisees. It further agreed to communicate new developments, techniques and improvements to the system, along with ongoing support including communication and advice.

    e.  <u>Brand Maintenance:</u>  The Franchisor agreed to maintain and develop Curves

including the reputation, public image, and goodwill in order to establish a firm foundation for its franchisees.

f. <u>Advertising:</u> The Franchisor requires franchisees to pay a monthly fee for advertising in order to provide national, regional, or local media or other marketing techniques or programs designated to communicate the services of the franchisees to the public.

105.    In general, the Franchisor assumed the duty to monitor the operations of its franchisees and provide assistance and guidance by either requests from the franchisee or franchisor's own inspection of the franchisee's operations.

106.    In addition to the above and according to Section 7.A of the franchise agreements:

> "Curves **shall** make available certain services to Franchisee and use **reasonable** efforts to provide such services in a manner **reasonably** designed for the Curves System, the content of and manner by which any and all services are to be delivered by Curves are within Curves' sole **reasonable** discretion and right. Such services and items may include the following:" (*emphasis added*; See Exhibit A)

107.    The list that follows Section 7.A includes nine services: (1) access to a reproducible copy of the standard Curves Marks, (2) a pre-opening training program, (3) assistance during the opening period of Franchisee's facility, (4) periodic training seminars, (5) periodic review of Franchisee's sales with suggestions as to any improvements in the operations of Franchisee's facility, (6) access to the Confidential Operations Manual, (7) such merchandising, marketing and advertising research data and advice as may be developed by Curves, (8) communication of new developments, techniques, and improvements to the Curves System, and (9) such ongoing support as Curves deems reasonably necessary.

108.    In addition to Section 7.A, Section 22.D of the franchise agreement provides that

Curves will use Reasonable Business Judgment:

> "Reasonable Business Judgment (as defined herein) applies in all circumstances involving or requiring Curves' approval or consent, unless provided otherwise in the Agreement. Reasonable Business Judgment means that Curves' determinations or choices will prevail, even if other alternatives are also reasonable or arguably preferable, if Curves intends to benefit or is acting in a way that could benefit the Curves System by, for example, enhancing the value of the Marks, increasing customer satisfaction, minimizing possible customer confusion as to the Marks or location, or increasing the financial strength of Curves…" (see Exhibit A which is substantially the same as each and every franchise agreement executed by the Plaintiffs)

109. Plaintiffs found out, only after paying their initial franchise fee, that Curves did not have the personnel, infrastructure, and/or resources necessary to fulfill the obligations owed to them in the franchise agreement, not to mention all the written/oral promises/representations.

110. Plaintiffs received little to no opening support.

111. Plaintiffs received little to no initial training.

112. Plaintiffs never received periodic reviews, visits, nor ongoing support.

113. Plaintiffs received little to no advertising, especially in light of the millions of dollars a year they contributed to an advertising budget.

114. In fact, for a couple of years, Plaintiffs received no advertising nationally or regionally. Plaintiffs instead received minimal, ineffective, and outdated advertising materials for them to print and use locally. The lack of national and regional advertising significantly affected Plaintiffs' member retention and was communicated to Curves on many occasions with no response.

115. Part of maintaining the brand, includes providing care, support, and commitment to the franchisees that are the cornerstone of brand recognition. Without franchisees, Curves could never have built the brand to which it claims all rights.

II. Armstrong v. Curves International

116.    The essence of Plaintiffs' claims is identical to those tried in the *Armstrong v. Curves International, et al.* (Case Number 6:15-cv-00294-SDD).  In that case a jury returned a unanimous verdict finding that defendant Curves International had breached the franchise agreements with over 50 franchisees.

117.    It was only through discovery in the *Armstrong* case that the existence of the North Castle "Operating Blueprint" and the Parthenon EY study became known.

118.    However, due to a protective order in place in the *Armstrong* case, franchisees, including Plaintiffs in this case, could not have even potentially discovered the existence of the "Operating Blueprint" nor the Parthenon EY study until it was admitted into evidence at trial in April of 2017.

119.    Furthermore, the discovery of those documents also assumes that the franchisees, including Plaintiffs in this cas2, had the wherewithal to access PACER.  Even then, the contents of the Parthenon EY study would not have been available.

120.    In a nutshell, Plaintiffs allege that Defendants were aware that the Curves system was unsustainable but hid that information from current and prospective franchisees and Defendant Curves systematically breached its agreements with Plaintiffs.

121.    The above factual allegations apply across the board and are common to every Plaintiff.

COUNT 1: BONITA ARRUDA
BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants Curves International and/or Curves NA, states as follows:

122.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

123.     That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

124.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

   b.   Training;

   c.   Periodic Review;

   d.   Ongoing Support;

   e.   Maintenance of the System; and

   f.   Advertising

125.     That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

126.     That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

127.     That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

128.     Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

129.     That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, Curves International and/or Curves NA, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 2: HEATHER'S FITNESS CENTER, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

130.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

131.    That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

132.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.  Opening Assistance

     b.  Training;

     c.  Periodic Review;

     d.  Ongoing Support;

     e.  Maintenance of the System; and

     f.  Advertising

133.    That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

134.    That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

135.    That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

136.    Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

137.    That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 3: FIT AND FIRM FOREVER, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

138.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

139.    That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

140.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance of the System; and

f.   Advertising

141.   That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

142.   That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

143.   That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

144.   Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

145.   That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 4: CAROLYN DEEGAN</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

146.   Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

147.   That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

148.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance of the System; and

    f.   Advertising

149.     That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

150.     That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

151.     That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

152.     Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

153.     That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

    WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 5: KV FITNESS, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

154.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

155.    That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

156.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.  Opening Assistance

     b.  Training;

     c.  Periodic Review;

     d.  Ongoing Support;

     e.  Maintenance of the System; and

     f.  Advertising

157.    That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

158.    That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

159.    That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

160.    Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

161. That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 6: 2 JOSIE'S LLC
## BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

162. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

163. That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

164. That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

a. Opening Assistance

b. Training;

c. Periodic Review;

d. Ongoing Support;

e. Maintenance of the System; and

f. Advertising

165. That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

166.    That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

167.    That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

168.    Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

169.    That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 7: CYNTHIA AND JOHN HALEY</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

170.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

171.    That Plaintiffs and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of their location(s).

172.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

     b.   Training;

     c.   Periodic Review;

     d.   Ongoing Support;

     e.   Maintenance of the System; and

     f.   Advertising

173.    That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

174.    That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

175.    That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

176.    Plaintiffs have complied with all conditions precedent required by the terms of the franchise agreement(s).

177.    That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 8: GINA HALEY-MORRELL</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

178. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

179. That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

180. That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a. Opening Assistance

   b. Training;

   c. Periodic Review;

   d. Ongoing Support;

   e. Maintenance of the System; and

   f. Advertising

181. That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

182. That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

183. That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

184. Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

185. That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 9: BEST HEALTH AND FITNESS, INC/PAUL & NOOR JAHAN HASHEMI
## BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

186.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

187.    That Plaintiffs and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of their location(s).

188.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.   Opening Assistance

     b.   Training;

     c.   Periodic Review;

     d.   Ongoing Support;

     e.   Maintenance of the System; and

     f.   Advertising

189.    That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

190. That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

191. That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

192. Plaintiffs have complied with all conditions precedent required by the terms of the franchise agreement(s).

193. That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 10: RH FITNESS SYSTEMS, LLC
## BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

194. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

195. That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

196. That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a. Opening Assistance

    b. Training;

     c.   Periodic Review;

     d.   Ongoing Support;

     e.   Maintenance of the System; and

     f.   Advertising

197.    That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

198.    That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

199.    That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

200.    Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

201.    That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 11: FEMME FIT ALL, LLC
BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

202.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

203.   That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

204.   That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance of the System; and

    f.   Advertising

205.   That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

206.   That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

207.   That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

208.   Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

209.   That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 12: YAKO KWE NYE STA FITNESS, LLC
BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

210. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

211. That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

212. That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a. Opening Assistance

    b. Training;

    c. Periodic Review;

    d. Ongoing Support;

    e. Maintenance of the System; and

    f. Advertising

213. That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

214. That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

215.    That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

216.    Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

217.    That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 13: LINDA LOHSE
BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

218.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

219.    That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

220.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.    Opening Assistance

    b.    Training;

    c.    Periodic Review;

    d.    Ongoing Support;

    e.    Maintenance of the System; and

f.  Advertising

221.  That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

222.  That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

223.  That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

224.  Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

225.  That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 14: SUSAN MINICOZZI</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

226.  Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

227.  That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

228.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance of the System; and

    f.  Advertising

229.    That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

230.    That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

231.    That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

232.    Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

233.    That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 15: MARIA MONTOYA
BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

234. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

235. That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

236. That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a. Opening Assistance

    b. Training;

    c. Periodic Review;

    d. Ongoing Support;

    e. Maintenance of the System; and

    f. Advertising

237. That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

238. That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

239. That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

240. Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

241. That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 16: PARADISCO DREAM, LLC
BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

242. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

243. That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

244. That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance of the System; and

    f.  Advertising

245. That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

246. That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

247. That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

248. Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

249. That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 17: ALL THINGS ENTERPRISES, LLC
## BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

250. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

251. That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

252. That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a. Opening Assistance

   b. Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance of the System; and

    f.   Advertising

253.    That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

254.    That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

255.    That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

256.    Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

257.    That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 18: CAMI NOBLE
## BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

258.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

259.     That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

260.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance of the System; and

    f.   Advertising

261.     That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

262.     That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

263.     That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

264.     Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

265.     That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 19: PWO FITNESS, LLC
BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

266.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

267.    That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

268.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance of the System; and

    f.  Advertising

269.    That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

270.    That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

271.     That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

272.     Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

273.     That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 20: GARY PAOLILLO
## BREACH OF CONTRACT

COMES NOW, Plaintiff and for his cause of action against Defendants, states as follows:

274.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

275.     That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

276.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

a.   Opening Assistance

b.   Training;

c.   Periodic Review;

d.   Ongoing Support;

e.   Maintenance of the System; and

f. Advertising

277. That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

278. That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

279. That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

280. Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

281. That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, his costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 21: RKP ENTERPRISES, LLC
## BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

282. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

283. That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

284.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance of the System; and

    f.   Advertising

285.    That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

286.    That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

287.    That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

288.    Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

289.    That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 22: LINDA PRESTON
BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

290. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

291. That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

292. That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a. Opening Assistance

    b. Training;

    c. Periodic Review;

    d. Ongoing Support;

    e. Maintenance of the System; and

    f. Advertising

293. That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

294. That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

295. That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

296. Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

297.    That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 23: AMY REEVES</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

298.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

299.    That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

300.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance of the System; and

    f.  Advertising

301.    That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

302.     That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

303.     That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

304.     Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

305.     That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

### COUNT 24: BODYFIT, INC./BILL FAUTSCH/KIM SALTER
### BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

306.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

307.     That Plaintiffs and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of their location(s).

308.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

b. Training;

c. Periodic Review;

d. Ongoing Support;

e. Maintenance of the System; and

f. Advertising

309. That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

310. That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

311. That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

312. Plaintiffs have complied with all conditions precedent required by the terms of the franchise agreement(s).

313. That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 25: JENNY SCHAFF FITNESS AND MUSIC, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

314. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

315. That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

316. That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.  Opening Assistance

   b.  Training;

   c.  Periodic Review;

   d.  Ongoing Support;

   e.  Maintenance of the System; and

   f.  Advertising

317. That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

318. That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

319. That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

320. Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

321. That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 26: ELAINE SOLOMON
BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

322.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

323.    That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

324.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

   b.   Training;

   c.   Periodic Review;

   d.   Ongoing Support;

   e.   Maintenance of the System; and

   f.   Advertising

325.    That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

326.    That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

327. That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

328. Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

329. That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 27: BARBARA TAIT</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

330. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

331. That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

332. That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a. Opening Assistance

    b. Training;

    c. Periodic Review;

    d. Ongoing Support;

    e. Maintenance of the System; and

f. Advertising

333. That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

334. That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

335. That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

336. Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

337. That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 28: MMLC, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

338. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

339. That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

340.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance of the System; and

    f.   Advertising

341.    That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

342.    That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

343.    That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

344.    Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

345.    That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 29: WHANGER HEALTH & FITNESS, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

346.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

347.    That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

348.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

   b.   Training;

   c.   Periodic Review;

   d.   Ongoing Support;

   e.   Maintenance of the System; and

   f.   Advertising

349.    That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

350.    That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

351.    That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

352.    Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

353. That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 30: HEALTHY HIPS, LLC
BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

354. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 121 of this Complaint.

355. That Plaintiff and Defendant, Curves International, entered into a written franchise agreement(s) concerning the operation of her location(s).

356. That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a. Opening Assistance

    b. Training;

    c. Periodic Review;

    d. Ongoing Support;

    e. Maintenance of the System; and

    f. Advertising

357. That Defendant Curves NA assumed the obligations, responsibilities, and liabilities of the franchise agreement(s).

358.     That Defendants Curves International and/or Curves NA failed to use reasonable efforts, provide services in a reasonable manner, and failed to use reasonable business judgment in complying with their obligations as set forth above.

359.     That Defendants Curves International and/or Curves NA have failed to meet their obligations under the franchise agreement(s) and have breached the franchise agreement(s).

360.     Plaintiff has complied with all conditions precedent required by the terms of the franchise agreement(s).

361.     That as a direct and proximate result of the breach of Defendants Curves International and/or Curves NA as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable under the laws of the State of Texas and the United States.

Respectfully submitted,

_____/s/ Jonathan E. Fortman_____
Jonathan E. Fortman  #40319MO
Law Office of Jonathan E. Fortman, LLC
250 Saint Catherine Street
Florissant, MO  63031
(314) 522-2312
(314) 524-1519 Fax
Email: jef@fortmanlaw.com

and

STEVE A. MILLER (TX. Bar #00786418)
Steve A. Miller, PC

1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925
Email: sampc01@gmail.com

And

DUNNAM & DUNNAM, LLP
Jim Dunnam, TX Bar # 06258010
Email: jimdunnam@dunnamlaw.com
Andrea Mehta, TX Bar # 24078992
Email: andreamehta@dunnamlaw.com
Mason Dunnam, TX Bar # 24108079
Email: masondunnam@dunnamlaw.com
4125 West Waco Drive
Waco, TX 76710
Ph# 254-753-6437
Fax: 254-753-7434

Attorneys for Plaintiffs